IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YESENIA GARCIA REYNA, | ) | No. C 07-4270 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| v. | ) | |
| | ) | |
| MR. COPENHAGER, Warden, | ) | |
| Federal Corrections Institution – Dublin, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On August 20, 2007, petitioner, a federal prisoner currently incarcerated at the Federal Corrections Institution, Dublin, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  He has paid the filing fee.  Petitioner challenges the lawfulness of Bureau of Prisons ("BOP") regulations prohibiting her transfer to a Community Correctional Center ("CCC") until such time as only ten percent of her sentence remains.  Petitioner claims the regulations, codified at 28 C.F.R. §§ 570.20 and 570.21, are inconsistent with the clear congressional intent articulated in 18 U.S.C. § 3621(b).  Section § 3621(b) allows the BOP to exercise its discretion to transfer federal prisoners from correctional facilities to community confinement at any time.  See Whistler v. Wrigley, No. C 06-0860-LJO-WMW, 2007 WL 1655787, at *3 (E.D. Cal. June 7, 2007)

---

[1] As petitioner is incarcerated within the Northern District of California and her petition challenges the execution of her federal sentence, venue is proper in this district.  See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).

(discussing § 3621(b)).

Petitioner states in her petition that she is in the process of exhausting her challenge to the BOP regulations through the BOP's administrative appeals process. Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001). In the Ninth Circuit, however, "we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Id. The requirement may be waived in limited circumstances, because it is not a jurisdictional prerequisite. Id.; see Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances under which waiver of exhaustion requirement may be appropriate).

Petitioner claims the exhaustion requirement should be waived in her case. First, she argues that exhausting her claim through the BOP's administrative appeals process will take too long, given the short amount of time left on her sentence. (See Petition at 3.) Petitioner began serving her twenty-four-month sentence on February 20, 2007, six months before she filed the instant action. (See Petition at 2.) She states that her projected release date from prison is May 7, 2008, and that if she prevails on her claim she will be entitled to be transferred to a CCC as early as December 7, 2007. (See Petition at 3.) Petitioner's argument is not persuasive, because she has not shown that there is insufficient time for her to complete the administrative appeals process. She has not provided the Court with any information about when she began exhausting her claim through the BOP's administrative appeals process, or how far she has progressed through the administrative appeals process to date. Further, she has not provided the Court with any evidence to support the proposition her claim cannot be resolved through the administrative appeals process on or by December 7, 2007, the earliest date she claims she can be transferred to a CCC. Petitioner's conclusory assertion that the administrative appeals process will take too long is not a sufficient basis to waive the exhaustion requirement.

Petitioner further argues the exhaustion requirement should be waived because exhaustion would be futile. See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925

(9th Cir. 1993) (holding federal prisoner petitioning district court for presentence credits under 28 U.S.C. § 2241 was not required to exhaust BOP administrative remedies where doing so would be futile). Recent cases and actions of the BOP suggest otherwise. All four circuits that have addressed the validity of the BOP regulations at issue here, 28 C.F.R. §§ 570.20 and 570.21, have found the regulations invalid, see <u>Wedelstedt v. Wiley</u>, 477 F.3d 1160 (10th Cir. 2007); <u>Levine v. Apker</u>, 455 F.3d 71 (2d Cir. 2006); <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006); <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), as have the federal district courts in the Ninth Circuit that have addressed the issue, see <u>Whistler</u>, 2007 WL 1655787, at *3 (listing cases). The facts in <u>Whistler</u> suggest the BOP might be reevaluating its application of the regulations in light of these rulings. See <u>id.</u> at *6 (dismissing petition challenging regulations as moot after BOP informed district court it had evaluated petitioner's request for placement in Residential Recovery Center without reference to time constraints imposed by 28 C.F.R. §§ 570.20-21). Under these circumstances, petitioner has not shown exhaustion of her claim through the BOP's administrative appeals process would be futile.

Accordingly, the Court finds petitioner is not entitled to waiver of the exhaustion requirement, and the petition for a writ of habeas corpus under § 2241 is hereby DISMISSED without prejudice to petitioner's filing a new habeas corpus action after exhausting the BOP's administrative appeals process.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 31, 2007

_____
MAXINE M. CHESNEY
United States District Judge